AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Michael Shvartsman <br> _Petitioner_ <br> v. <br> Anthony G. Mendoza, Warden FCI Coleman Low <br> _Respondent_ <br> _(name of warden or authorized person having custody of petitioner)_ | Case No. 5:25-cv-00741 <br> _(Supplied by Clerk of Court)_ |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
**Personal Information**

1. (a) Your full name: Michael Shvartsman
   (b) Other names you have used: Mike Shvartsman
2. Place of confinement:
   (a) Name of institution: FCI Coleman Low
   (b) Address: 846 NE 54TH Terrace
   Sumterville, FL 33521
   (c) Your identification number: 66276-510
3. Are you currently being held on orders by:
   ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007
      (b) Docket number of criminal case: 23-CR-307 (LJL)
      (c) Date of sentencing: 10/17/2024
   ☐ Being held on an immigration charge
   ☐ Other _(explain)_:

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention
❏ Immigration detention
❏ Detainer
❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
  maximum or improperly calculated under the sentencing guidelines)
❏ Disciplinary proceedings
❏ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Federal Bureau of Prisons, headquarters at 320 First Street NW Washington, D.C. 20534
   (b) Docket number, case number, or opinion number: Remedy Request - No Number
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Denial of prerelease placement into a residential re-entry center (RRC) under Second Chance Act (SCA) on basis of an immigration detainer, as well as improper exercise of BOP discretion of eligibility under SCA given decision and BOP policy which is contrary to statutory criteria. See calculation (Ex. A).
   (d) Date of the decision or action: 08/19/2025

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes          ❏ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: Bureau of Prisons - Anthony G. Mendoza, Warden of FCI Coleman Low
       (2) Date of filing: 08/21/2025
       (3) Docket number, case number, or opinion number: Case Number: 1251583-F1
       (4) Result: request denied
       (5) Date of result: 09/11/2025
       (6) Issues raised: Denial of prerelease placement into a residential re-entry center (RRC) under Second Chance Act (SCA) on basis of an immigration detainer, as well as improper exercise of BOP discretion of eligibility under SCA given decision and BOP policy which is contrary to statutory criteria.

   (b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ❏ Yes          ☑ No

(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: _____

   (2) Date of filing: _____
   (3) Docket number, case number, or opinion number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: Further appeals/exhaustion should be excused in this case because such would be futile and continuing incarceration would cause irreparable harm. Decision(s) based on improper policy and discretion arbitrarily and capriciously exercised. BOP Policies (Ex. B)

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?
   ☐ Yes     ☑ No

   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: _____

      (2) Date of filing: _____
      (3) Docket number, case number, or opinion number: _____
      (4) Result: _____
      (5) Date of result: _____
      (6) Issues raised: _____

   (b) If you answered "No," explain why you did not file a third appeal: See Response to Question 8(b) above.

10. **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?
    ☐ Yes     ☑ No

    If "Yes," answer the following:
    (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
          ☐ Yes     ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
❏ Yes        ❏ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____
_____
_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?
❏ Yes        ☑ No

If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
❏ Yes        ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        If "Yes," provide:
        (1) Date of filing: _____
        (2) Case number: _____
        (3) Result: _____
        (4) Date of result: _____
        (5) Issues raised: _____

    (d)    Did you appeal the decision to the United States Court of Appeals?
        ❏ Yes        ❏ No
        If "Yes," provide:
        (1) Name of court: _____
        (2) Date of filing: _____
        (3) Case number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
❏ Yes        ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**: BOP has exercised/is exercising its discretion, relative to questions of placement and/or custody under the Second Chance Act (SCA), in violation of statute. They have done so as to Mr. Shvartsman, despite being him being otherwise eligible for placement into prereleae custody.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
While the BOP has discretion under the SCA, it cannot exercise that discretion in violation of statute. In denying Mr. Shvartsman placement into an RRC here and/or making an eligibility determination for placement into an RRC here based on an immigration detainer and not proper statutory creteria, the BOP has acted unlawfully.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes   ☐ No

**GROUND TWO**: The BOP Policy(s) related to an immigration detainer are in violation of statute (including the SCA), amount to an abuse of discretion, and have resulted in harm to Mr. Shvartsman.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The subject BOP Policy(s) expand consideration of the BOP beyond that permitted by statute. By considering an immigration detainer on the part of Mr. Shvartsman as it has, the BOP is relying upon a policy that is not statutorily permissible, failing to rely upon criteria statutorily required, and has abused its discretion. Mr. Shvartsman must be immediately evaluated for prerelease placement under proper statutory criteria and placed into prerelease placement as and to the fullest extent eligible.

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes   ☐ No

**GROUND THREE**: Any further appeals or exhaustion of administrative remedies should be excused under the specific circumstances present here, and the Court should deal with this matter accordingly.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Because the BOP appears to be acting based upon a policy that is illegal or improper, there is not a reasonable likelihood to anticipate that future appeals may result in a different analysis or outcome. Instead, delay will cause irreparable harm to Mr. Shvartsman, as he continues to be subject to incarceration based upon improper decision making and/or criteria for consideration utilized by the BOP.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:   The BOP actions constitute a violation of due process.

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

The BOP actions amount to a violation of due process as the law has created a liberty interest that the BOP is violating by way of its Policy(s) on immigration detainers and ineligibility for prerelease placement.

(b)  Did you present Ground Four in all appeals that were available to you?
❏ Yes            ☑ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:   Ground 3 would be an issue for the Court to determine. Ground 4 was not raised directly but should be considered implicit in the legal violations otherwise discussed to the extent necessary.

**Request for Relief**

15.  State exactly what you want the court to do:   Declare BOP Policy(s) related to immigration detainers invalid and unenforceable in this instance, Order the BOP to conduct the proper statutory analysis in good faith to determine Mr. Shvartsman's immediate eligibility for prerelease placement, and direct that Mr. Shvartsman be granted immediate prerelease placement as and to the fullest extent he is eligible under the law.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 10/29/25

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any